Per Curiam.

It is the contention of relatrix that the amending act was passed as an emergency measure and as such went into effect immediately upon its passage on July 21, 1959, and, therefore, was in effect on July 30, the date of her husband’s death, and that her rights should be determined under the section as amended.
Section lc of Article II of the Constitution provides that no law passed by the General Assembly shall go into effect “until 90 days after it shall have been filed by the Governor in the office of the Secretary of State, except as herein provided”; Section Id of Article II provides that emergency laws ‘ ‘ shall go into immediate effect ’ ’; and Section 16 of Article II provides that every bill passed by the General Assembly shall, before it becomes a law, be presented to the Governor for his approval and, if he approves, “he shall sign it and thereupon it shall become a law and be filed with the Secretary of State.”
In construing the above-quoted provisions, this court, in State v. Lathrop, 93 Ohio St., 79, held that emergency laws, as defined in Section Id of Article II of the Constitution, “go into immediate effect when signed by the Governor.” On authority of that decision, the act amending Section 3307.49, Revised *219 Code, reducing the required service credit from three years to one and one-half years, did not become effective until August 1, 1959, after the death of relatrix’s decedent.
The decedent not having had three years of service credit at the time of his death, the relatrix as sole beneficiary is not entitled to make an election to take survivor benefits. Hence, there is no duty specially enjoined upon respondents to grant survivor benefits to relatrix under Section 3307.49, Revised Code, as in effect on July 30,1959.
A writ of mandamus is denied.

Writ denied.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Radcliee and O’Neill, JJ., concur.
Radoliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.